**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ABIGAIL BROWN,

                            Plaintiff,

        v.                            1:23-CV-0277
                                           (AJB/DJS)

UNITED STATES OF AMERICA,

                            Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HACKER MURPHY, LLP<br>Attorney for Plaintiff<br>28 Second Ave<br>Troy, New York 12180 | JAMES E. HACKER, ESQ. |
| OFFICE OF THE UNITED STATES ATTORNEY<br>Attorney for Defendant<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, New York 13261-7198 | DAVID M. KATZ, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

An additional discovery dispute has arisen in this long running medical malpractice case brought under the Federal Tort Claims Act ("FTCA"). As part of their disclosures, counsel for the United States has placed Plaintiff on notice of the intent to call three employees of the CMS Medicare Administrative Contractors to testify, as experts, regarding Plaintiff's eligibility to receive Medicare benefits, including the End Stage Renal Disease Benefit. Dkt. Nos. 43-1 & 50. The availability or applicability of

such coverage is intended to be used by the United States as a setoff to any potential damage award. Dkt. No. 44. *See Malmberg v. United States*, 816 F.3d 185, 193–94 (2d Cir. 2016); N.Y. C.P.L.R. § 4545(c).

The Experts that are presently in dispute are: Phil Colmenares, M.D., Craig Minor, and Scott Trimas, M.D. Dr. Trimas is expected to testify as to Medicare coverage, Parts A & B. Mr. Minor will opine on Medicare coverage, including Part D. Dr. Colmenares will testify as to Medicare coverage and durable medical equipment. Dkt. No. 43-1.

Defendant's Expert Disclosure generally states that the Experts would note that the Plaintiff suffers from end-stage renal disease, and she is therefore eligible to receive ESRD benefits, and as a result qualifies for Medicare coverage at various times during her life. Dkt No. 43-1. The Experts will explain the period of eligibility, or potential periods, based upon Plaintiff's need for dialysis or a kidney transplant. *Id.* It is noted that the Experts may further testify about other Medicare coverage, including supplemental insurance and state benefits. *Id.* Defendant's First Supplemental Expert Disclosure dated August 15, 2025 and submitted to the Court after the present matter was raised and after the Court held an initial hearing, repeats the same general summary but also makes reference to publicly available Medicare sources and handbooks.

Plaintiff's counsel objects to the disclosures made by Defendant's counsel as incomplete and insufficient. Dkt No. 43 & 49. Counsel notes that the disclosure is a simple paragraph that applies to all the Experts' testimony, and that under Rule 26(a)(2)(B), each Expert should submit a separate written report, signed by the Expert. *Id.* Further, even if Rule 26(a)(2)(C) applied, the disclosures are still lacking. *Id.*

Rule 26(a) of the Federal Rules of Civil Procedure sets forth two types of expert disclosure. Federal Rule of Civil Procedure 26(a)(2)(B) requires that for any witness "retained or specially employed to provide expert testimony," the disclosure be served with a written report containing:

(i) a complete statement of all opinions that the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B) (emphasis added). On the other hand, for an expert witness that has not been "retained or specially employed," a party generally need only submit a disclosure stating "(i) the subject matter on which the witness is expect to present evidence ...; and (ii) a summary of the facts and opinions to which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C). While the (a)(2)(C) disclosure is less onerous than the signed expert report under (a)(2)(B), "it must still do more than merely state the topics of the opinions to which the expert will testify, without stating any view or judgment on such topics." *Michel v. Yale Univ.*, 2022 WL 6493546, at *4 (D. Conn. Mar. 30, 2022) (internal quotations and citations omitted).

As to the initial issue as to whether the identified doctors and representatives of Medicare Contractors are experts, defense counsel now implies that no report or disclosure is necessary as the witnesses are really not experts at all insofar as they are testifying about existing Medicare regulations and programs. While that may in some

sense be true, the Government seeks their testimony for much more than that basic recitation. Rather they seek to elicit the specifics of the Plaintiff's medical condition and have the witnesses opine as to whether that condition qualifies her for Medicare or Medicaid benefits and, if so, the value of those benefits as applied to her particular case. This would be done to counter the testimony of Plaintiff's Life Care Plan Experts, and to provide a factual basis for a setoff to reduce any claim for medical expense damages. Defense counsel himself refers to the witnesses, two of whom are doctors, as "experts." Dkt. No. 43-1. Given the totality of their proposed testimony, the Court will not dispute defense counsel's initial designation of these individuals as providing expert testimony. Fed. R. Evid. 702.

Next, "although not literally required by Rule 26(a)(2)(B), courts have ruled that the party is not exempted from disclosure and report requirements simply because the witness is not monetarily compensated. It is the nature of the proposed testimony, rather than the compensation, that determines whether witness is exempt from the disclosure and report requirements." 6 MOORE'S FEDERAL PRACTICE § 26.23[2][a][i]; *see also Caruso v. Bon Secours Charity Health Sys., Inc.,* 703 F. App'x 31, 33 (2d Cir. 2017).

After considering the submissions and arguments, the Court does conclude that the Defendant's proposed Medicare experts fit more appropriately under subdivision (a)(2)(C). It does not appear that these professionals were employed specifically to provide expert testimony and to prepare written reports. Rather, the purpose of these witnesses is to explain the benefits available from Medicare and other associated programs, and to specifically relate how the Plaintiff's condition could make those

programs available and cover medical expenses that the Plaintiff requires. Much of that information is derived from the witnesses' firsthand work experience in the field and their knowledge of the regulations in question as they presently exist.

That being said, the notification provided by defense counsel is, in the Court's view, clearly insufficient for this complicated topic. It was noted that at the recent conference that the amount of the asserted setoff may well exceed a million dollars, so it is a substantial issue in the case and worthy of detailed disclosure. This Court's understanding has always been that Rule 26 is designed to provide to the opposing counsel sufficient information to allow them to either prosecute or defend the case. At its heart, the Rule represents a matter of fairness and should be applied consistent with the mandate of Rule 1. An extensive and detailed expert summary will assist this discovery in this case and may potentially obviate the need to do a deposition of one or more of the Medicare Consultants. Plaintiff has already submitted and supplemented a detailed Expert Report for their Life Care Experts Susan Riddick-Grisham and Elizabeth Zaras, which relates to some of these very same issues regarding the nature of the care required and the estimate of the associated cost.

In this District, Rule 26(a)(20(C) disclosure is most often used in connection with treating physicians. *See Lamere v. New York State Off. for the Aging*, 223 F.R.D. 85, 89 (N.D.N.Y. 2004), *aff'd*, 2004 WL 1592669 (N.D.N.Y. July 14, 2004); L.R. 26.3. As to those experts, it may not be necessary for the expert disclosure to be overly extensive because the treating physicians have already prepared medical records which set forth in detail what they did, and why they felt it necessary. That is not a situation that applies to

the Government's proposed Medicare experts in this case, and because of that the Court concludes that a more fulsome disclosure is necessary and exercises its discretion to require it. *See* Rule 26(a)(2)(C) (noting that the disclosure provision for non-retained experts may by modified by the Court).

Accordingly, while the Rule 26(a)(2)(C) summary need not be signed by the expert, the disclosure should be individualized as to each of the three Experts.  Further the summary should contain specific detail regarding the nature of the available programs and how they would be applicable to Plaintiff, as well as the potential benefits that would be provided including, if applicable, the costs or value of those benefits.  Reference to publicly available material is allowed, in part, but the reference should be specific to the applicable provisions and should merely support the narrative, not replace it.  The summary should include the specific opinion or opinions the expert will testify and provide detail of the facts that support it. Moreover, the Rule 26(a)(2)(C) disclosures should be updated as necessary, considering the Plaintiff's condition and any change in the Medicare system itself.

## CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's request that defense counsel provide updated expert disclosures that comply with Rule 26 is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED**, that within 30 days of the date of this Decision and Order, Defense Counsel shall provide a Rule 26(a)(2)(C) Summary Report that complies with the requirements set forth above for each of its proposed Medicare Experts; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**SO ORDERED**.

Dated: August 28, 2025
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge